ZURICH INSURANCE COMPANY, Plaintiff,

v.

BRITT TRUCKING COMPANY, Inc., and Britt Well Service, Inc., Defendants.

Civ. A. No. 5–63–55.

United States District Court
N. D. Texas,
Lubbock Division.

Jan. 31, 1966.

Crenshaw, Dupree & Milam, by Jas. H. Milam, Lubbock, Tex., for plaintiff.

Cayton & Gresham, by Karl Cayton, Lamesa, Tex., for defendant.

DOOLEY, District Judge.

## I

The plaintiff corporation, Zurich, brought this suit against the two corporate defendants, Britt, to recover the sum of $12,448.52, premiums and interest alleged to be due in connection with the issuance of certain insurance policies by the plaintiff to the defendants as next listed.

## II

On or about May 1, 1961, plaintiff issued to defendants its workman's compensation policy No. 23–29–735, covering the period, as stated in the declaration of the policy, from May 1, 1961, to May 1, 1962. Attached to this policy was an endorsement entitled "Retrospective Premium Endorsement — Plan D — Three Years," being Form Nos. 4174–A and 4175. (Exhibit No. 1)

## III

At the same time, a general liability and automobile insurance policy, No. 81–19–321, was issued by the plaintiff to the defendants, covering a period from May 1, 1961, to May 1, 1962, as stated in the declaration of the policy. Attached thereto was an endorsement worded: "Retrospective Rating Endorsement. Short Form," which in effect stated that the premium would be calculated based upon Form Nos. 4174–A and 4175, which were attached to plaintiff's Exhibit No. 1, as stated above.

## IV

On or about May 1, 1962, a workman's compensation policy, No. 23–56–269, was issued by the plaintiff to the defendants and, as stated in the declaration, covered the period from May 1, 1962, to May 1, 1963. (Plaintiff's Exhibit No. 3) Attached to this policy was a short form endorsement, stating in effect that the premiums would be calculated in accordance with Form Nos. 4174–A and 4175,

attached to plaintiff's aforesaid Exhibit No. 1.

## V

On or about May 1, 1962, a general liability and automobile policy, No. 82–58–760, was issued by the plaintiff to the defendants and attached thereto was an endorsement to the effect that the premiums would be calculated based upon Form Nos. 4174–A and 4175, attached to plaintiff's Exhibit No. 1.

## VI

The plaintiff elected to cancel all of the aforesaid policies at the end of the second policy year.

## VII

The central issue before the Court in this case deals with the correct computation of insurance premiums under the "Retrospective Rating Plan D—Texas", or, more specifically, the wording may be: How is the premium to be calculated under the subject policies here questioned when the insurance carrier cancels the group of policies at the end of the second year of a prospective three year policy group for a reason other than the non-payment of premiums by the insured?[1]

## VIII

The point presented is not without difficulty and decision requires a thorough understanding of this policy and, also, the regulations promulgated by the Texas Insurance Board upon which the policy is based.

## IX

Under the "Retrospective Rating Plan D—Texas" regulations of *The Plan, Introduction,* § 1, thereof, Retrospective Rating is defined as:

"a plan or method which permits adjustment of the final premium for a Risk on the basis of its own loss experience subject to Maximum and Minimum limits."

And, under "Plan D" an employer is able to obtain, in one policy, workman's

---

[1]. The Court is unaware of the actual reason for cancellation of the policy by the carrier. The parties to this case have, however, stipulated that the reason is not material to the actual controversy.

compensation insurance, general liability insurance, automobile liability insurance and other third-party liability insurance.

## X

To obtain this type of insurance it is first necessary for the carrier to audit the operations of the employer. After determining the risks involved in the employer's operations, it is then possible for the carrier to estimate a premium that the employer could earn over a one year period under Plan D. This premium would be called an "estimated standard premium".

The significance of the "estimated standard premium" is limited in that it is no more than an estimate. The estimated premium does, however, provide the base for determination of all subsequently computed final premiums.

## XI

The estimated premium is a 100% figure. That is to say, the estimated premium represents an amount that would be a projected, complete, premium in the event all factors entering into such estimate held constant over the projected rating period.[2] These estimates as such, however, are not quantified and the many factors entering into such estimate will rarely hold constant.

## XII

To enable the insured to earn his final premium based upon his own loss experience (bearing in mind that it would be the exceptional case where the estimated premium would hold constant), the Plan provides for minimum and maximum limits bearing a relationship to the estimated standard premium. The minimum limit set is a figure representing one-half of the estimated standard premium. The maximum limit set is a figure representing the sum of the estimated standard premium and one-half of the standard premium. Numerically expressed, these three figures bear the progressive relationship of 50%, (the minimum limit), 100%, (the estimated standard premium), and 150%, (the maximum limit).

## XIII

At the end of the first year the insurance carrier will audit the books of the insured and, by using the same method used to determine the estimated standard premium, will determine the insured's actual earned standard premium. Under the policy here in question, this figure is referred to as the Standard Subject Premium.

## XIV

The Standard Subject Premium is, however, but one of several factors used in determining the insured's final premium under a retrospective plan.

## XV

It is necessary, at this point, to determine the Basic Premium; which represents a percentage of the Standard Subject Premium determined by multiplying a "basic premium percentage" by the Standard Subject Premium. The "basic premium percentage" is determined by linear interpolation through minimum and maximum limits based upon the estimated standard premium and its relation to the actual earned standard premium.

## XVI

Next to be calculated is the item of Conversion Losses. This item is determined by multiplying the insured's actual incurred losses by a set 'loss conversion factor'.[3]

## XVII

The items of Converted Losses and Basic Premium are then added together and multiplied by a set figure denominated as the "State Tax Multiplier". This figure is then made subject to the Minimum Retrospective Premium and Maximum Retrospective Premium limits.

2. Under the policy here in question the rating period is three years.

3. Next to be determined under the formula for computation of the premium would be the "excess loss premium" which, because of its irrelevance to this controversy, is omitted from this brief.

## XVIII

The items of Converted Losses and Basic Premium are then added together and multiplied by a set figure denominated as the "State Tax Multiplier". This figure is then made subject to the Minimum Retrospective Premium and Maximum Retrospective Premium limits.

## XIX

The minimum and maximum limits represent figures that would be the lowest or highest amount the insured would have to pay under the policy. And further, if the earned retrospective premium represented a sum less than the standard subject premium he would be entitled to a refund since, presumptively, the insured has already paid this amount. If, however, the earned retrospective premium is greater than the standard subject premium then the insured, under the policy, would be required to pay the difference.

## XX

It is evident that high incurred losses sustained by the insured would tend to raise the earned retrospective premium, while low incurred losses suffered by the insured would tend to lower the earned retrospective premium. This is the essence of this type of insurance plan for this is "a plan or method which permits adjustment of the final premium for a Risk on the basis of (an insured's) own loss experience subject to Maximum and Minimum limits."

## XXI

In the instant controversy, the defendant contends that it is liable only for the earned standard premium for the two years the policy was in effect plus the figure that would represent the earned standard premium for the third year that the policy would have been in effect had the insurance carrier not canceled the policy.[4]

## XXII

The defendant next contends that the sum of these above three figures should be divided by three to arrive at a "pro rata" amount that would represent the premium due. This method of computation would result in the plaintiff owing defendant a nominal amount.

## XXIII

The defendant's theory, however, overlooks the true meaning attached to those provisions dealing with cancellation of the policy by the carrier to be found in the policy itself and the regulations providing for this type of insurance promulgated by the State Board of Insurance.

## XXIV

§ 13 of the Regulations dealing with a three year Plan D policy provide: "If cancellation is effected by the insurance carrier, *the Retrospective Rating Premium shall be determined on the basis of the actual earned Standard Premium* for the risk from the inception of the Rating Period to the date of cancellation. * * *." (Emphasis added)

## XXV

It is obvious that the above provision means that the premium to be determined shall not ignore the retrospective feature of the policy and, further, that the Retrospective Premium shall be determined on the basis of the *actual earned standard premium* as opposed to the *estimated standard premium*.

## XXVI

The plaintiff's position herein is upheld under the policy in question and the Rules and Regulations of the Texas State Board of Insurance, as published in the official pamphlet headed:

"RETROSPECTIVE RATING PLAN D
TEXAS

---

Effective June 1, 1953

---

State Board of Insurance
Austin, Texas"

---

4. The evidence reflects that the insured had a good loss experience during the third year following cancellation of the policy at the end of the second year.

## XXVII

The plaintiff's Exhibit 5 herein, being a computation relied on by the plaintiff as an exposition of the arithmetic steps said to sustain the plaintiff's claim in this suit. A careful consideration thereof confirms the claim and said Exhibit is attached in behalf of the judgment herein.

## XXVIII

Judgment is rendered for the plaintiff against the defendant in the sum of the principal and interest claimed by the plaintiff, as well as proper court costs.

## XXIX

A duplicate of the said plaintiff's Exhibit 5 is attached here at the foot of the judgment.

### ZURICH INSURANCE COMPANY

### RETROSPECTIVE PREMIUM ADJUSTMENT

INSURED     Britt Well Service, Inc.

ADDRESS   Lamesa, Texas                                    DATE   October 27, 1964

RISK NO.  449   FROM  5/1/61   TO  5/1/63     AGENCY NAME  Jim Finley Insurance     NUMBER  36-312-803.

Three Year Plan
Canc. 5/1/63

#### Final Adjustment
#### Two Year Cumulative - Plan D

| | | | | |
|---|---|---|---|---|
| 1. | Standard Subject Premium: | 1961 | $34,325.89 | |
| | | 1962 | 36,727.44 | $71,053.33 |
| 2. | Basic Premium: | | | 16,627.08 ✓ |
| 3. | Minimum Retrospective Premium: | 43.3% of (1) | | 30,766.09 |
| 4. | Maximum Retrospective Premium: | 130.0% of (1) | | 92,369.33 |
| 5. | Incurred Losses: (All Claims Closed) | 1961 | $29,730.96 | |
| | | 1962 | 24,388.47 | 54,119.43 |
| 6. | Converted Losses: | $54,119.43 x 1.16 | | 62,778.54 ✓ |
| 7. | Earned Retrospective Premium is (2) plus (6) x T.M. but not less than (3) or more than (4): | | | 83,501.85 ✓ |
| 8. | Additional Premium due Company: | | | 12,448.52 |
| 9. | Non-Subject Premium: | A.L. & G.L. Excess Limits | $3,059.89 | |
| | | Physical Damage | 3,860.57 | 6,920.46 |
| 10. | Non-Subject Losses: | W.C. Allo.. Expenses | $5,939.29 | |
| | | Physical Damage | 816.61 | 6,755.90 |

| | | |
|---|---|---|
| EARNED RETROSPECTIVE PREMIUM | | $83,501.85 |
| EARNED RETROSPECTIVE PREMIUM AT PRIOR ADJUSTMENT | | - |
| PREPARED BY:   J. B. Anglesano | NET Additional PREMIUM | 12,448.52 |

### RETROSPECTIVE PREMIUMS ARE PAYABLE ON RECEIPT OF THIS BILL.

Form 900-8.